PEDRO FIGUEROA-RUIZ, Appellant, *v.* REGISTRAR OF GUAYAMA, Respondent.

No. 617. Submitted June 15, 1925.—Decided June 19, 1925.

1. RECORD OF TITLE—DOMINION TITLE—FINDINGS OF TRIAL COURT.—When a dominion title judgment is presented for record the registrar can not question the findings of the trial court.

2. ID.—ID.—POSSESSORY TITLE—THIRD PERSON.—A dominion title is not recordable when possessory title to the property is recorded in the name of a third person, although that person may have been summoned as former owner in the dominion title proceeding wherein no mention was made of the said record of possession.

Registry of Property of Guayama, R. B. Pérez Mercado, R. Decision refusing to record a dominion title judgment. *Affirmed.*

*C. Domínguez Rubio* for the appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

A dominion title judgment rendered in proceedings authorized by the Mortgage Law was presented for record in the Registry of Property of Guayama and the registrar refused to admit it to record (1) because there was a contradiction between the expository and the declaratory parts of the judgment and (2) because a possessory title to the property had been recorded in the name of Fruto Picar and there was no showing in the proceedings that cancellation of the record of possession had been petitioned for and decreed or that Picar was given notice of any such proceeding.

[1] Consideration of the first ground of the decision carries with it that of the authority of a registrar to review actions of the courts.

The reasons stated by the registrar in his decision and elaborated in his brief for holding that there was a contradiction in the judgment are worthy of consideration. The district courts should be very careful in rendering dominion title judgments, especially when hereditary rights or the interests of incapacitated persons may be involved. But, in accordance with the jurisprudence repeatedly established by this court, the registrar went beyond the sphere of his authority and for that reason the question raised can not be decided on its merits in this administrative appeal.

This Supreme Court held in the case of *Ramírez* v. *Registrar*, 16 P.R.R. 330, that if a district court errs in approving a dominion title proceeding, the registrar is not authorized to decide the question, this being the province of the courts in the corresponding action. In *López* v. *Registrar*, 15 P.R.R. 712, it was held that where the ownership of property is established in favor of the petitioner by a district

court and the judgment is presented in the registry for record the registrar has authority to review the judgment, but not to question the conclusion reached by the court on the evidence, or the grounds on which the judgment is based. And in *Hernández* v. *Registrar,* 16 P.R.R. 440, this court held that a registrar has no authority to refuse to record a dominion title judgment on the ground that the time during which the predecessor in interest possessed the property is not stated in the proceedings before a court of competent jurisdiction rendering judgment on the evidence examined.

It is obvious that if the dominion title judgment should show that the court was without jurisdiction, or that any essential statutory requirement of the proceedings had not been complied with, the registrar would have authority to refuse to record it, but here, as in the cases cited, that is not the question. The question is the substitution of the registrar's opinion for that of the court. The registrar acted as if he were an appellate court in deciding, against what the district court had held, that in view of the facts of the case stated in what he calls the expository part of the judgment it could not be concluded that the petitioner did not acquire definite parcels of the property in question, but condominiums. Right or wrong, the conclusion of the court was based on the evidence examined by it and the registrar can not decide against its findings.

It seems proper to cite the following from the opinion of this court delivered by Mr. Justice Aldrey in the case of *Fernández* v. *Registrar,* 17 P.R.R. 1021, 1023:

"Subdivision 2 of article 18 of the Mortgage Law confers upon registrars the power to pass upon all documents directed to them by judicial authorities, and consequently they can determine whether the judge had jurisdiction over the subject matter, the nature of the case, and the scope of the decision; whether such decision was rendered by due process of law; whether the formalities and other requisites essential to the validity of such decision were duly complied with, and whether such judicial decision conforms strictly

to all the formalities which are necessary under the Mortgage Law in order that the record may be entered.

"But the power which that provision of law confers upon registrars does not go to the extent of entitling them to pass upon the grounds which were the basis of such judicial decisions—that is to say, as to the intrinsic justice or injustice thereof—and to determine whether or not the evidence was sufficient would amount to determining whether or not the decision was justly rendered.

"The power to pass upon the weight of the evidence is vested in the courts only."

[2] The second ground of the decision is well founded. It will suffice to cite the syllabus in the recent decision of this Supreme Court in the case of *López–Nazario* v. *Registrar, ante,* p. 29, as follows:

"A dominion title proceeding is not recordable when the possession of the property is recorded in the name of a third person, although he may have been summoned as former owner in the dominion title proceeding in which the record in favor of said third person was not made to appear."

Therefore, the decision is affirmed on its second ground.